Marc L. Parris, Esq. County Attorney, Rockland County
We are writing to you in response to a request from your Assistant County Attorney, Gary L. Lipton, who has asked whether an assistant county attorney who is assigned exclusively to Family Court proceedings may simultaneously hold the position of town or village justice.
Mr. Lipton has advised us that there are approximately seventeen attorneys in the Rockland County Attorney's office. Three attorneys, including Mr. Lipton, are assigned exclusively to Family Court proceedings. These attorneys prosecute petitions involving juvenile delinquency, persons in need of supervision, neglect or abuse, guardianship, support, handicapped children, foster care review, and paternity.
Mr. Lipton has also advised us that he has never been called upon to appear in justice court on behalf of the county attorney. He has assured us that if appointed to the office of town or village justice, he will not be assigned duties as assistant county attorney which will conflict with his duties as town or village justice.
We understand that Mr. Lipton has not been designated as one of the assistant county attorneys who will assume the duties of county attorney in the event of your absence or incapacity.
The general rule is that the same person may hold two public offices at the same time unless there is a constitutional or statutory prohibition or the two offices are incompatible. (Op Atty Gen [Inf] April 14, 1980 [copy enclosed]; 1971 Op Atty Gen [Inf] 78). There is no statutory or constitutional bar to holding the office of assistant county attorney simultaneously with the office of town or village justice.
Public offices are incompatible when their performance by one and the same person at the same time results in antagonism and a conflict of duty so that conceivably the incumbent cannot properly discharge the duties of both (People ex rel. Ryan v Green, 58 N.Y. 295 [1874]).
A county attorney must prosecute and defend all civil actions and proceedings brought by or against the county (County Law, § 501). An assistant county attorney must perform such of the official duties of the county attorney as may be directed by that official (id., § 502 [2]). In the absence or incapacity of the county attorney, the assistant county attorney carries out the duties of the office of county attorney (id., § 502 [3]). If there is more than one assistant county attorney, the county attorney must designate the order in which the assistant county attorneys are to carry out the duties of the county attorney in the event of his absence or incapacity (id., § 502 [5]).
Here Mr. Lipton has been directed to perform the duties of county attorney only with respect to matters which arise in Family Court. Furthermore, he has not been designated as one of the assistant county attorneys who assume your duties in the event of your absence or incapacity.
We have previously stated in an opinion to you that there is no incompatibility between the offices of assistant county attorney and acting town or village justice where the assistant county attorney would not be designated to assume the duties of county attorney in your absence or incapacity and would not be assigned matters by you that would conflict with his duties as town or village justice (1978 Op Atty Gen 187).* We have also stated that an assistant county attorney who is assigned exclusively to Family Court and who would not be designated to assume the duties of county attorney in his absence or incapacity is unlikely to encounter conflicts of interest where he simultaneously represents a village within the county (1975 Op Atty Gen 233).
The situation envisioned in your request is distinguishable from our earlier opinions in which we stated that the offices of county attorney or assistant county attorney and village justice are incompatible. (See 1971 Op Atty Gen 78; 1962 Op Atty Gen 123.) In those opinions we concluded that the offices of assistant county attorney and village justice were incompatible because the assistant county attorney might be obligated to represent the county in a civil action brought by or against the county in a justice court in which he would act as judge (1971 Op Atty Gen 78, supra; 1962 Op Atty Gen 123, supra; see Uniform Justice Court Act §§ 202, 213, 2300).
This situation would not arise with Mr. Lipton because he is assigned exclusively to Family Court matters and has not been designated as one of the assistant county attorneys who will assume the duties of county attorney in the event of your absence or incapacity. Therefore, there is no possibility that Mr. Lipton would be obligated to represent or defend the county in the justice court in which he would also act as judge.
We conclude that an assistant county attorney who is assigned exclusively to Family Court and who would not be designated to assume the duties of county attorney in his absence or incapacity may simultaneously hold the position of town or village justice.
We do not pass upon any ethics questions that may be involved in this matter.
* Although the opinion uses the term "civil service attorney", any attorney appointed under section 502 of the County Law is an assistant county attorney within the meaning of the statute. Moreover, all attorneys who are employed by Rockland County are civil service attorneys.